UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GARY ERIC BOLTON,<br><br>    Plaintiff,<br><br>        v.<br><br>STEPHEN WIEDER, et al.,<br><br>    Defendants. | Case No. 16-cv-01250-LB<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 1 ] |

## INTRODUCTION

Gary E. Bolton, currently a pretrial detainee in custody at Napa State Hospital, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. Mr. Bolton has consented to proceed before a magistrate judge. (ECF No. 2.)[1] This action is now before the court for review of Mr. Bolton's complaint. This order dismisses the complaint, and requires Mr. Bolton to file an amended complaint.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

**STATEMENT**

This is one of several cases Mr. Bolton has filed since May 2015. The other cases are: *Bolton v. Hall*, No. 15-cv-3365 LB; *Bolton v. Andre Tony Miller*, No. 15-cv-3505 LB; *Bolton v. Chevron*, No. 15-cv-4406 LB; *Bolton v. Asian Sheriff Officer*, No. 15-cv-4517 LB; *Bolton v. Asian Sheriff Officer,* No. 15-cv-4518 LB; *Bolton v. Ms. Karen*, No. 15-cv-5238 LB; *In re. Bolton*, No. 15-cv-5566 JD, and *Bolton v Cosgrove*, No. 16-cv-499 LB. Some of the documents Mr. Bolton has filed in these actions indicate that he has significant mental health problems. Mr. Bolton currently is being held at Napa State Hospital pursuant to California Penal Code § 1370 to regain competency to stand trial. (ECF No. 1-1 at 2 in *Bolton v. Cosgrove*, No. 16-cv-499 LB.) He is a pretrial detainee on a criminal charge that may result in a Three Strikes sentence. (ECF No. 3 in *Bolton v. Asian Sheriff Officer*, No. 15-cv-4517 LB.) Staff at Napa State Hospital are treating, or trying to treat, him with antipsychotic medications. (*See* ECF No. 9 in *Bolton v Ms. Karen*, No. 15-cv-5238 LB). In March or April 2015, he was taken into custody pursuant to California Welfare and Institutions Code § 5150, which allows peace officers and certain other persons to take a person into custody for up to 72 hours for assessment, evaluation, and crisis intervention if the person, as a result of a mental health disorder, is gravely disabled or is a danger to others or to himself. (*See* ECF Nos. 8 and 9 in *Bolton v. Asian Sheriff Officer*, No. 15-cv-4517 LB.)

Not only has he filed numerous actions, Mr. Bolton is an energetic correspondent. He has filed dozens of letters in the actions filed within the last year. Many of the letters, like many of the pleadings, repeat the same information and are difficult to understand.

In his rather garbled complaint in this action, Mr. Bolton alleges the following:

Dr. Wieder, a psychiatrist at Napa State Hospital, attempted to obtain an order permitting the involuntary administration of psychotropic medication to Mr. Bolton after Mr. Bolton already had a painful hernia. A hearing was held on March 3, 2016, at which Mr. Bolton was represented by an attorney. Mr. Bolton believes he performed well at the hearing, and was able to identify the roles of the participants in the hearing. Mr. Bolton prevailed, and Dr. Wieder did not obtain an order authorizing the involuntary medication.

Mr. Bolton believes that staff are working against him, although his allegations are confusing. He alleges:

> Today at my staff team meeting four people asked me question and tryed to make me mad then my doctor Ms. K. Eichenberger walked out the meeting. I wont to plea not guilty[;] these doctors are telling me to take a deal or plea N.G.I. Then if I don't say something they argue with they team up against me. People wrote negative things in my chart to get me here and the doctors won't give me copies of my medical records or my medical records. I received a seven year old girls injection and my blood was stole out my body plus I was in this or a hospital as be loged into a hospital befor I got here. These staff and doctors are trying to set me up and they already tried to kill me. . . . Doctor Wieder read my things in my chart that said leathal injection. Not giving me medical records. False imprisonment on a false charge. Accessory to murder. Blood stolen. Organ doner. Doctors stateing I am paronid."

(ECF No. 1 at 4 (errors in source).)

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

3

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

To force antipsychotic drugs on a prisoner or on a detainee awaiting trial is impermissible under the federal constitution, "absent a finding of overriding justification and a determination of medical appropriateness." *Riggins v. Nevada*, 504 U.S. 127, 135 (1992); *see Washington v. Harper*, 494 U.S. 210, 229-30 (1990). In the context of *Harper* and *Riggins*, such an invasion of the human person can only be justified by a determination by a neutral factfinder that the antipsychotic drugs are medically appropriate and that the circumstances justify their application. *See Kulas v. Valdez*, 159 F.3d 453, 455-56 (9th Cir. 1998); *id.* at 456 (procedural safeguards provided for in *Harper* may not apply in an emergency, but no such emergency was shown where inmate was merely loud and uncooperative).

The complaint has several problems. First, the primary focus of the complaint is on an event that appears ultimately to have caused no harm to Mr. Bolton. Mr. Bolton alleges that Dr. Wieder *unsuccessfully sought* an order authorizing the involuntary administration of psychotropic medications. It thus appears that Dr. Wieder's actions did not result in Mr. Bolton being involuntarily medicated. Moreover, the description of the proceedings in which Dr. Wieder sought the order do not suggest a due process violation: Mr. Bolton alleges that a court hearing was held, that an attorney represented him, and that he was able to and did speak at the hearing. (ECF No. 4). He does not identify any procedural protection that should have been provided but was not provided. Leave to amend will be granted so that, if he wishes to pursue the claim, Mr. Bolton may more clearly explain what Dr. Wieder and Dr. Eichenberger did that amounted to a violation of his rights under the Constitution or laws of the United States.

Second, Mr. Bolton appears to draw a connection between a hernia and psychotropic medications, but the nature of his claim is quite unclear. It cannot be discerned whether he wants to claim that psychotropic medications cause hernias, or that he should not receive such medications while having a hernia, or that he is not receiving treatment for a hernia. Insofar as he

is trying to allege that the psychotropic medications administered to him have caused a hernia, the allegation is at least implausible and he would need to allege facts that plausibly suggest a causal connection between the administration of psychotropic medications and the hernia. If he developed a hernia while at the hospital and/or while medicated, that alone does not support the view that the hernia was caused by the medication. If he is trying to allege that psychotropic medications should not be given to a person with a hernia, he needs to allege the factual basis for his belief, e.g., whether a medical professional told him that psychotropic medications are contra-indicated for someone with a hernia or he just has decided on his own that is the case, or otherwise. If he is trying to allege that his hernia is not being treated, he should allege when he requested treatment, who failed or refused to treat the hernia, and when that person failed or refused to treat the hernia. It seems unlikely that a psychiatrist would be tasked with treating a patient's hernia, and Napa State Hospital may have doctors to treat physical ailments, who might be more suitable defendants if Mr. Bolton wants to allege a claim about unsuccessful efforts to obtain treatment from the medical staff.

Third, allegations that Mr. Bolton's blood was stolen and that he was given a seven year old girl's injection appear to be somewhere on the spectrum between implausible and delusional.[2] The *in forma pauperis* statute, 28 U.S.C. § 1915, and the prisoner litigation screening statute, 28 U.S.C. § 1915A, accord judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328; *see also Andrews v. King*, 398 F.3d 1118 (9th Cir. 2005) (a case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'"). Even a complaint that is not actually delusional, but does not state enough facts to state a claim to relief that is plausible on its face, is deficient. *See Bell*

---

[2] In an earlier action, Mr. Bolton alleged that his blood was stolen and he was made an involuntary organ donor by persons outside the hospital. *See Bolton v. Miller*, 14-cv-3505 LB.

*Atlantic Corp. v. Twombly*, 550 U.S. at 555. Mr. Bolton's allegations that his blood was stolen and that he received a seven year old girl's injection fail to state enough facts to present a claim to relief that is plausible on its face. In his amended complaint, he can try to allege facts that would make these allegations plausible if he wants to pursue such claim.

Fourth, Mr. Bolton alleges that the staff will not provide him medical records. If he wishes to pursue this claim, he needs to identify the person(s) who refuse to provide his medical records. He also needs to explain what constitutional right was violated by the failure to provide medical records to him.

Fifth, many of Mr. Bolton's allegations are about things that simply don't amount to constitutional violations. Allegations of verbal harassment or even threats -- e.g., the allegations that doctors and staff state that he is paranoid, argue with him and try to make him mad -- do not state a cognizable claim under § 1983 because "mere words, without more, do not invade a federally protected right." *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986); *see also Gautt v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not amount to constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). And allegations about things that *almost* happened -- e.g., the doctors allegedly trying to set him up for something bad to happen -- do not state a claim upon which relief may be granted if nothing occurred that amounted to a constitutional violation.

Sixth, the action cannot proceed against Napa State Hospital. The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to suits against a state agency. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity); *see also Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin State Prison not persons within meaning of Civil Rights Act). Napa State Hospital is dismissed from this action because it is an agency of the State of California and has Eleventh Amendment immunity against the suit.

In his amended complaint, Mr. Bolton must be careful to allege facts showing the basis for liability for each defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Mr. Bolton is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Mr. Bolton is cautioned to take great care to provide a coherent statement of his claim(s) in his amended complaint. The court will not read through his many letters to piece together a claim for him -- he must set it out in his amended complaint.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED WITH LEAVE TO AMEND. The amended complaint must be filed no later than **May 31, 2016**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Bolton is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: April 29, 2016

LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ERIC BOLTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN WIEDER, et al.,<br><br>　　　　Defendants. | Case No.  3:16-cv-01250-LB<br><br>**CERTIFICATE OF SERVICE** |

　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　That on April 29, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gary Eric Bolton ID: 2120657
2100 Napa Vallejo Highway
Napa, CA 94558

Dated: April 29, 2016　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　　　　Lashanda Scott, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　　　　Honorable LAUREL BEELER

8